J. R. G. and T. N. W. HORNE, administrators, plaintiffs in error, vs. L. E. SPIVEY, defendant in error.

(McCAY, Judge, having been counsel below, did not preside.)

1. An execution founded on an award against administrators in their representative capacity, which has been made the judgment of the Court, must follow the award, and can only issue against such administrators in their representative character, to be levied of the goods, etc., of their intestate.

2. If the execution, on such an award, is issued against the property of the intestate, and if none be found, then against the individual property of the administrators, it is a nullity, so far as it seeks to subject the individual property of the administrators to the payment of the debt, and if such property is levied on, upon affidavit of illegality, the facts not being controverted, the Court should sustain the affidavit of illegality.

Illegality. *Fi. fas.* Administrators. Tried before Judge CLARK. Sumter Superior Court. October Term, 1871.

The facts are in the opinion.

HAWKINS & GUERRY, for plaintiffs in error.

C. T. GOODE; W. A. HAWKINS; A. R. BROWN, for defendants.

MONTGOMERY, Judge.

The plaintiffs in error, as administrators of John E. J. Horne, submitted to arbitration certain claims held against the estate by Mary E. Byrd and the defendant in error. The arbitrators made their award, by which the amount due the defendant in error was awarded against the estate, and the administrators directed to sell certain property of the estate and appropriate the proceeds to the payment of the debt of Spivey, among other debts, Spivey claiming as assignee of an heir of the estate. The award is expressly against the administrators in their representative capacity, and that "the assets in the hands of Joel R. G. Horne and Thomas N. W.

Horne, as the administrators of John E. J. Horn, deceased, are subject to the claims of the said heirs," etc. There is no award against the administrators personally. The award was made the judgment of the Court, and Spivey took out execution to be levied *de bonis testatoris et si non*, etc. The administrators filed an affidavit of illegality on the execution being levied on their individual property. The Court overruled the affidavit, and ordered the levy to proceed. This was error. Had the arbitrators intended to find waste, we think they would have said so. On the contrary, there is evidence that they thought the administrators had faithfully fulfilled their trust. The award provides for the appointment of commissioners to take possession of the land of the estate and sell it, and appoints the administrators themselves the commissioners.

Judgment reversed.